IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM D. DUNCAN,

        Plaintiff,

        vs.

PATINE, INC., a California Corporation,
dba Southwest Trailer Sales,

        Defendant.

Civil No. 08-1258-SU

FINDINGS AND RECOMMENDATION

SULLIVAN, Magistrate Judge:

        William Duncan, a resident of Wallowa County, Oregon, brought this action in the Circuit Court for the State of Oregon, County of Wallowa ("state court"), against Patine, Inc ("Patine"), a California corporation doing business as Southwest Trailer Sales, with its principal place of business in California. Duncan asserts claims for breach of contract and breach of warranty arising from the purchase of a trailer from Patine, and he seeks damages in the amount of $ 104,749 and,

Page - 1 - FINDINGS AND RECOMMENDATION

alternatively, $99,749. Patine removed the case to this court based upon diversity jurisdiction.

Pending are Duncan's Motion to Remand Case to State Court and Patine's Motion to Dismiss for Lack of Jurisdiction. For the reasons set forth below, Duncan's motion to remand should be granted; and Patine's motion to dismiss should be denied as moot.

*Background*

Duncan purchased a trailer equipped with living quarters from Patine for the purpose of transporting equipment, inventory and other personal property to locations across the United States, including Alaska. Duncan alleges that he advised Patine of his specific need for a trailer suitable for transporting equipment and inventory in extremely cold climates. Duncan filed his state court complaint alleging that Patine breached the contract between the parties by providing a defective trailer. Duncan also alleged that Patine breached the implied warranty of merchantability and the warranty of fitness for a particular purpose by failing to provide a trailer that conformed to his needs.

On September 17, 2008, Duncan filed his Complaint in state court. There is no dispute that Patine was served with the Summons and Complaint on September 24, 2008, and that on October 24, 2008, Patine filed a Notice of Removal in this court based upon diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b). Also on October 24, 2008, Patine served Duncan with the Notice of Removal by facsimile and first class mail. (Johnston Decl. ¶ 3.) On October 28, 2008, Duncan's attorney notified Patine's attorney that the notice to state court had not been timely filed and asked that Patine voluntarily remand to state court. (Knapp Aff. Ex. 2.) Instead, on October 30, 2008, Patine filed a notice in the Wallowa County Circuit Court[1] that the case had been removed to federal

---

[1] Johnston's Declaration states that the notice was filed in the Umatilla County Circuit Court but there is no dispute that the notice was actually filed in Wallowa County.

Page - 2 - FINDINGS AND RECOMMENDATION

court. Duncan has moved to remand based on Patine's failure to timely notify the state court that the case had been removed. Duncan's motion to remand, filed on November 3, 2008, was made within the 30-day time period required by 28 U.S.C. § 1447(c). Patine asserts, and Duncan does not dispute, that between the filing of the Notice of Removal and the notice to the Wallowa County Court, a period of six days, the state court took no action.

*Legal Standard*

"Any civil action brought in State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Patine's Notice of Removal alleges diversity jurisdiction under 28 U.S.C. § 1332, and that basis for federal court jurisdiction is not challenged.

The procedure governing removal is found in 28 U.S.C § 1446, and provides, in pertinent part:

> (b)　The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> . . . .
>
> (d)　Promptly after the filing of such notice of removal of a civil action the defendant . . . shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

The procedure after remand is found at 28 U.S.C. § 1447, and provides, in pertinent part:

Page - 3 - FINDINGS AND RECOMMENDATION

>   (c)  A motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a) . . . .

The removal statute is strictly construed and any doubt about the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). The presumption against removal jurisdiction means "the defendant always has the burden of establishing that removal is proper." *Id.*

*Discussion*

Patine argues that the removal statute does not provide a definition for the word "promptly" in requiring a defendant to notify a state court of removal of a case. Citing Professor Wright's treatise on *Federal Practice and Procedure*[2] to support its argument that section 1446(d) does not require it to provide notice to the state court within the 30-day period for removal under section 1446(b), Patine argues that this court should construe the "timing requirements" of section (b) of the removal procedure separately from section (d). Patine contends that because the state court took no action within the six days (two of which were weekend days), Duncan suffered no prejudice and the delay should not defeat removal.

Conversely, Duncan contends that a notice to the state court outside of the 30-day period provided for in section (b) is not "prompt" for purposes of section (d). Duncan argues that the 30-day time period for removal must be strictly construed and that any failure to comply with the formal requirements of the statute should result in remand. This court agrees.

Although a plaintiff may move to remand based on lack of subject matter jurisdiction at any

---

[2] *See* 14C Wright, Miller, & Cooper, Federal Practice and Procedure: Jurisdiction § 3736 (3d ed. 2008).

Go:
time, a plaintiff waives his right to object to a procedural defect in the removal if he does not file a motion to remand within 30 days of removal. *See, e.g., Vasquez v. N. County Transit Dist.*, 292 F.3d 1049, 1060 n.5 (9th Cir. 2002). Failure to notify the state court of the removal does not deprive the federal court of subject matter jurisdiction, however, omitting the notice to state court is a procedural defect, which cannot be raised more than 30 days after the action is removed. *Maniar v. Federal Deposit Ins. Corp.*, 979 F.2d 782, 784-85 (9th Cir. 1992); *Miller v. Aqua Glass, Inc.*, No. 07-3088-CL, 2008 WL 2854125, at *3 (D. Or. July 21, 2008).

This court recognizes that, in some districts, courts have subscribed to the viewpoint that technical defects are curable after a motion to remand has been filed. *See Yellow Transportation, Inc. V. Apex Digital, Inc.*, 406 F. Supp. 2d 1213 (D. Kan. 2005) (and cases cited therein).[3] Relying on cases from other districts, Patine focuses on the interpretation of the word "promptly" to argue that the delay in notice to the state court is acceptable if no action has been taken by the state court during the delay. *See, e.g., Nixon v. Wheatley*, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005); *Whitney v. Wal-Mart Stores, Inc.*, No. 04-38-P-H, 2004 WL 1941345 (D. Me. Aug. 31, 2004); *Parker v. Malone*, No. 7:03-00742, 2004 WL 190430 (D.W. Va. Jan. 15, 2004) However, as the court points out in *Yellow Transportation, Inc.*, 406 F. Supp. 2d at 1216, the Oregon District Court has taken the view that "any defect in removal procedure must be cured within the 30-day removal period or it is fatal to the removal." *Employers-Shopmens Local 516 Pension Trust v. Travelers Cas. & Sur. Co. Of Am.*, No. 05-444-KI, 2005 WL 1653629, at *4 (D. Or. July 6, 2005).

---

[3] The court in *Yellow Transportation* provides a summary of differing viewpoints taken by courts throughout the country. Many of the cases are unreported and have no precedential value. The cases are, however, illustrative of the range of circumstances regarding this issue.

In *Employers-Shopmens,* a case cited by both Patine and Duncan, Judge King addressed a procedural defect that resulted from a failure by defendant to include exhibits to the complaint filed in state court. Plaintiff objected to the defect within the 30 days required for filing a motion to remand. Defendant's attempt to cure the defect by filing an Amended Notice of Removal was ineffective as the amendment was filed outside of the 30-day period for removal and plaintiff had filed a timely objection. In remanding the case, Judge King recognized the distinction between jurisdictional defects based on subject matter, which cannot be waived, and the procedural defect in *Employers-Shopmens,* which had not been waived. Patine's attempt to distinguish *Employers-Shopmens* is unavailing. While the procedural defect in *Employers-Shopmens* differs from the one in this case, Judge King's ruling is on point.

Both parties also cite Judge Hubel's decision in *Green v. Praxis Partners, LLC*, No. 03-301-HU, 2007 WL 1965598 (D. Or. July 2, 2007). The issue in *Green* was whether defendant's notice of removal to all adverse parties was given "promptly" for purposes of section 1446(d). Judge Hubel discussed the circumstances of removal and determined that while the two week delay in notifying the adverse parties was not unreasonable, plaintiff had failed to file a timely notice of remand under section 1447(c), thus waiving the procedural defect. *Green,* 2007 WL 1965598, at *5.

Finally, Patine argues that even with the procedural defect, this court has discretion to deny remand. The court disagrees. The removal statutes is strictly construed and any doubt about

removal must be resolved in favor of remand. *Gaus v. Miles, Inc.,* 980 F.2d at 566; *Employers-Shopmens,* 2005 WL 1653629, at *2.

Page - 6 - FINDINGS AND RECOMMENDATION

*Conclusion*

Based on the foregoing, Duncan's Motion to Remand (doc. #7) should be GRANTED, and this case should be REMANDED to the Wallowa County Circuit Court. Accordingly, all other motions, including, Patine's Motion to Dismiss for Lack of Jurisdiction (doc. #4), should be DENIED as moot.

Dated this 11th day of March 2009.


    /s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge


**SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **March 25, 2009**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.